1    Natalie P. Vance, Bar No. 206708
     John T. Madden, Bar No. 260213
2    KLINEDINST PC
     801 K Street, Suite 2100
3    Sacramento, California 95814
     (916) 444-7573/FAX (916) 444-7544
4    nvance@klinedinstlaw.com
     jmadden@klinedinstlaw.com
5
     Attorneys for Defendant
6    NIU OF FLORIDA, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD WUEST, individually and on        Case No.
     behalf of a class of similarly situated
12   individuals,                              **DEFENDANT NIU OF FLORIDA, INC.'S
                                               NOTICE OF REMOVAL**
13              Plaintiff,

14        v.

15   NIU OF FLORIDA, INC.; and DOES 1
     through 50, inclusive,
16

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

- 1 -

**PLEASE TAKE NOTICE** that Defendant NIU of Florida, Inc. ("NIU Florida") removes the above-captioned action ("Action") from the Superior Court of the State of California, County of Sacramento to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of this removal, NIU Florida states as follows:

## JURISDICTIONAL STATEMENT

1.       This Court has original jurisdiction over this Action under the Class Action Fairness Act of 2005 ("CAFA"), which creates federal diversity jurisdiction over putative class actions that have: (1) minimal diversity; (2) 100 or more class members; and (3) an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453. As set forth below, this Action satisfies every applicable prerequisite, and is timely and properly removed by the filing of this Notice of Removal.

2.       Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

3.       This Action has been styled as a class action. *See* Compl. ¶¶ 1, 15-27.

**A.       Minimal Diversity Exists**

4.       CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

5.       Plaintiff Richard Wuest ("Plaintiff") alleges that he is a resident of California. *See* Compl. ¶ 4 ("Plaintiff Richard Wuest is an individual and a resident of California."). NIU Florida alleges that at the time of this Notice of Removal Plaintiff is a domiciliary and therefore citizen of California because he has no present intention to relocate to another state. *See, e.g.*, *Newman- Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (distinguishing residence and domicile).

///

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

- 2 -

6.      Plaintiff brings this Action on behalf of not only himself but also a putative class of all "California residents." Compl. ¶ 15.

7.      NIU Florida is a citizen of Florida because it is organized under the laws of Florida and has its corporate headquarters in Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." (internal citations omitted)); *see also* Compl. ¶ 5 ("Defendant NIU of Florida, Inc. is a Florida corporation with its headquarters in Boca Raton, Florida.").

8.      Accordingly, there is complete diversity between NIU Florida and Plaintiff as well as at least minimal diversity between NIU Florida and unnamed members of the putative class. *See* 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("Thus, under CAFA, complete diversity is not required; 'minimal diversity' suffices." (citations omitted)).

**B.      There Are at Least 100 Members in Plaintiff's Putative Class**

9.      CAFA requires the existence of at least 100 members in Plaintiff's putative class. 28 U.S.C. § 1332(d)(5)(B).

10.     Plaintiff seeks to represent a class of "[a]ll California residents who, at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, called one or more of Defendant's toll-free customer service telephone numbers from a cellular or cordless telephone while located within the State of California and whose calls were recorded and/or monitored by Defendant without any warning or disclosure at the call outset." Compl. ¶ 15. According to the Complaint, "at all relevant times," NIU Florida "had a policy and practice" of recording or monitoring calls in violation of California Penal Code § 632.7. *Id.* ¶ 30.

11.     Plaintiff alleges that the class he seeks to represent "contains numerous members" and "consists of at least seventy-five individuals." *Id.* ¶¶ 16, 20.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

NOTICE OF REMOVAL

12.    NIU Florida alleges that, since April 23, 2017, more than 1,000 phone calls were placed to NIU Florida's customer service telephone numbers by more than 100 California residents using cellular or cordless telephones while in California.[1]

13.    Accordingly, there are more than 100 prospective class members. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.    The Amount in Controversy Exceeds $5,000,000**

14.    CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  It also provides that, "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

15.    Plaintiff alleges that "at all relevant times," NIU Florida had a "policy and practice" of recording or monitoring calls in violation of California Penal Code § 632.7, and that NIU Florida is liable to each prospective class member for $5,000 per alleged violation. *See* Compl. ¶¶ 30-34.

16.    At $5,000 per violation for more than 1,000 calls, *see supra* ¶ 12, the statutory penalties Plaintiff seeks on behalf of the putative class exceed $5,000,000.  *See* Cal. Penal Code § 637.2.

17.    Although NIU Florida denies that it has violated California Penal Code § 632.7 and thus is not liable to Plaintiff or a putative class,[2] and denies that any class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate amount placed "in controversy" by this case—that is, the aggregate value of the damages sought by Plaintiff— exceeds $5,000,000. *See Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554 ("[A]

---

[1] The statute of limitations for a California Penal Code Section 632.7 civil action is one year. *See Quesada v.  Banc of Am. Inv. Servs., Inc.*, No. 11-1703, 2012 WL 34228, at *1 (N.D. Cal. Jan. 6, 2012) (citing Cal. Civ. Proc. Code § 340(a); *Montalti v. Catanzariti*, 236 Cal. Rptr. 231 (Cal. Ct. App. 1987))). The limitations period for Plaintiff's claim thus began on or before April 23, 2017.  *See infra* ¶ 20.

[2] By removing this action, NIU Florida does not concede liability, let alone liability of greater than $5,000,000. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute" based on the allegations of a complaint, "not a prospective assessment of defendant's liability." (citing cases)).

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

- 4 -

1    defendant's notice of removal need include only a plausible allegation that the amount in

2    controversy exceeds the jurisdictional threshold.").

3        18.    Because (1) minimal diversity exists, (2) there are more than 100 putative class

4    members, and (3) more than $5,000,000 in the aggregate is in controversy, this Court has

5    original subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

6        19.    Because this Action states a basis for original subject matter jurisdiction under

7    28 U.S.C. § 1332, it is removable under 28 U.S.C. § 1441(a).

8                    **PROCEDURAL STATEMENT**

9    **A.    Timeliness**

10        20.    Plaintiff commenced this Action on or about April 23, 2018 by filing a

11    complaint in the Superior Court of the State of California, Sacramento County, captioned

12    *Richard Wuest v. NIU of Florida, Inc., et al.*, No. 34-2018-00231671 ("Complaint").

13        21.    Plaintiff purported to serve the Complaint on NIU Florida on or about May 4,

14    2018. (*See* Exhibit 1, attached hereto.)

15        22.    Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this

16    Notice of Removal was timely filed within thirty (30) days of service. *See, e.g.*, *Murphy Bros.,*

17    *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999).

18    **B.    District**

19        23.    Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for

20    the Eastern District of California is proper because it embraces the Superior Court of the State

21    of California, Sacramento County, where this Action was commenced. *See* 28 U.S.C. § 84.

22    **C.    Division**

23        24.    Because this action arises in Sacramento County, assignment to the Sacramento

24    Division is proper. *See* Civil L.R. 120(d).

25    **D.    Attachments**

26        25.    Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other

27    process, pleadings, and orders purportedly served on NIU Florida as of the date of this Notice

28    of Removal, as well as NIU Florida's Answer, are attached collectively as Exhibit 1 and 2.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

- 5 -

**E.    Notices**

26.    Pursuant to 28 U.S.C. § 1446(d), NIU Florida will promptly file a copy of this Notice of Removal in the Superior Court of the State of California, Sacramento County, and serve Plaintiff with written notice of its filing.

**F.    Defenses**

27.    By removing this Action to this Court, NIU Florida does not waive any defenses that are available to it under state or federal law. NIU Florida expressly reserves the right to require that the claims of Plaintiff and/or members of the putative class be decided through individual arbitration, to move to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

**WHEREFORE**, NIU Florida respectfully removes this Action from the Superior Court of California, Sacramento County, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

KLINEDINST PC

DATED: May 31, 2018                    By:    */s/ John T. Madden*
                                                Natalie P. Vance
                                                John T. Madden
                                                Attorneys for Defendant
                                                NIU of Florida, Inc.

17278037v1

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

- 6 -

NOTICE OF REMOVAL

# EXHIBIT 1

5/4/18 @BPm

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NIU OF FLORIDA, INC.; and DOES 1 through 50, inclusive,



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED/ENDORSED

APR 23 2018

By: _____
C. Freeman
Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD WUEST, individually and on behalf of a class of similarly situated individuals,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Gordon D. Schaber Sacramento County Courthouse<br>720 9th Street, Sacramento, California 95814 | 34-2018-00231671 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, Esq., KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

| DATE: April 23, 2018 *(Fecha)* APR 23 2018 | Clerk, by *(Secretario)* C. FREEMAN | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* NIU of Florida, Inc.

    under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

FILED/ENDORSED

APR 2 3 2018

By: _C. Freeman_
Deputy Clerk

1  ERIC A. GROVER (SBN 136080)
   engrover@kellergrover.com
2  ROBERT W. SPENCER (SBN 238491)
   rspencer@kellergrover.com
3  **KELLER GROVER LLP**
4  1965 Market Street
   San Francisco, California 94103
5  Telephone: (415) 543-1305
   Facsimile: (415) 543-7861
6

7  Attorneys for Plaintiff
   RICHARD WUEST
8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10               **FOR THE COUNTY OF SACRAMENTO**

11  RICHARD WUEST, individually and on        ) Case No.34-2018-00231671
    behalf of a class of similarly situated     )
12  individuals,                                )  __CLASS ACTION__
                                                )
13                                              )
                        Plaintiff,              )  **COMPLAINT FOR DAMAGES AND**
14                                              )  **INJUNCTIVE RELIEF**
                                                )
15          v.                                  )
                                                )
16  NIU OF FLORIDA, INC.; and DOES 1           )  __DEMAND FOR JURY TRIAL__
    through 50, inclusive,                      )
17                                              )
                        Defendants.             )
18                                              )          BY FAX
                                                )
19                                              )
                                                )
20                                              )

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF                                    CASE NO. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**CLASS ACTION COMPLAINT**

Plaintiff Richard Wuest ("Plaintiff" or "Wuest"), on behalf of himself and a class (the "PC § 632.7 Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

**INTRODUCTION**

1.      This class action lawsuit arises out of the policy and practice of Defendant NIU of Florida, Inc. ("Defendant") to record and/or monitor,[1] without the consent of all parties, consumer-initiated telephone calls made to Defendant's toll-free customer service telephone numbers (collectively referred to as "NIU customer service telephone numbers"), including but not limited to the toll-free telephone number 888-684-9327. During the relevant time period, Defendant intentionally and surreptitiously recorded and/or monitored telephone calls made to NIU toll-free customer service telephone numbers, including the telephone number 888-684-9327. Defendant did so without warning or disclosing to inbound callers that their calls might be recorded or monitored.

2.      Defendant's policy and practice of recording and monitoring consumer-initiated telephone conversations by callers to NIU toll-free customer service telephone without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendant's policy and practice violate Penal Code § 632.7, which prohibits the recording or monitoring of a communication made to or from a cellular or cordless telephone without the consent of all parties to the communication.

3.      Because of Defendant's violations, all individuals who, while they were in California, called one or more of Defendant's toll-free customer service telephone numbers and were recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

---

[1] "Monitor," as used in this complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act ("CIPA"). Thus, "monitor" will be used in lieu of "intercept" throughout this complaint.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## PARTIES

4.    Plaintiff Richard Wuest is an individual and a resident of California.

5.    Defendant NIU of Florida, Inc. is a Florida corporation with its headquarters in Boca Raton, Florida.  Defendant systematically and continuously does business in California and with California residents.

6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

7.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

9.    This Court has personal jurisdiction over the parties and venue is proper because Plaintiff made the telephone call to Defendant that is the basis for liability in this action from a location in Sacramento County and Defendant continually and systematically has conducted business in the State of California.  Likewise, Plaintiff's rights were violated in the State of

1   California and arose out of his contact with Defendant from and within California.

2   **FACTUAL ALLEGATIONS COMMON TO THE CLASS**

3       10.    Plaintiff bought a used car in February 2018.   Plaintiff had some questions

4   regarding the gap insurance option.  On February 26, 2018 at approximately 7:45 a.m. Plaintiff

5   called 888-684-9327 using a cellular telephone while physically located in Sacramento County,

6   California.  During that call, Plaintiff made some inquiries regarding gap insurance.   At some

7   point during the conversation, Plaintiff asked if the call was being recorded and was told that all

8   calls are recorded.  Prior to being asked directly by Plaintiff, Defendant did not inform Plaintiff

9   that the call was being recorded.  Plaintiff did not give and could not have given consent for his

10  telephone call to be recorded at the outset of the call because the lack of warning or disclosure

11  regarding call recording left him unaware that Defendant was engaged in that practice until he

12  asked whether the call was being recorded.

13      11.    Plaintiff is informed and believes and on that ground alleges that Defendant's

14  employees and agents at the customer service call centers were and are directed, trained, and

15  instructed to, and did and do, record and/or monitor telephone calls between the customer service

16  representatives and callers, including California callers.   Plaintiff, on his own and through

17  investigation by counsel, verified on more than one occasion in February and March 2018 that

18  callers who called 888-684-9327 and were routed to Defendant's customer service representatives

19  routinely were being recorded without having received any warning that their calls were being

20  recorded.  No warning disclosure was played while callers were on hold waiting to be transferred

21  to a customer service representative, and no warning was given at the call outset after callers were

22  transferred to a customer service representative.

23      12.    Plaintiff is informed and believes and on that ground alleges that Defendant

24  intentionally has used technology consisting of hardware and/or software or other equipment to

25  carry out a policy and practice of recording and/or monitoring calls to NIU customer service

26  telephone numbers routed to Defendant's customer service representatives.

27      13.    Plaintiff is informed and believes and on that ground alleges that other callers who

28  called to one or more of NIU toll-free customer service telephone numbers – including 888-684-

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**COMPLAINT FOR DAMAGES**
**AND INJUNCTIVE RELIEF**
3
CASE NO. _____

1   9327- and were routed to one of Defendant's customer service call centers were not informed at

2   the call outset by Defendant or anyone else that their calls were being recorded and/or monitored.

3   Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or

4   consent.

5        14.    Because there was no warning that calls would be recorded or monitored, Plaintiff

6   had a reasonable expectation that his telephone conversation with Defendant's employees and

7   agents was, and would remain, private and confined to the parties on the telephone.  That

8   recording and/or monitoring without his consent is highly offensive to Plaintiff and would be

9   highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

10   <u>**CLASS ACTION ALLEGATIONS**</u>

11        15.    Plaintiff brings this action under California Code of Civil Procedure § 382 on

12   behalf of themselves and the class (the "PC § 632.7 Class") defined as follows:

13        All California residents who, at any time during the applicable limitations period

14        preceding the filing of the Complaint in this matter and through and including the date

15        of resolution, called one or more of Defendant's toll-free customer service telephone

16        numbers from a cellular or cordless telephone while located within the State of

17        California and whose calls were recorded and/or monitored by Defendant without any

18        warning or disclosure at the call outset.

19        16.    The PC § 632.7 Class that Plaintiff seeks to represent contains numerous

20   members and is clearly ascertainable including, without limitation, by using Defendant's records

21   and/or Defendant's telephone company's and/or other telecommunications and toll-free service

22   providers' records regarding calls to NIU toll-free customer service telephone numbers to

23   determine the size of the PC § 632.7 Class and to determine the identities of individual PC §

24   632.7 Class members.  Plaintiff reserves the right to amend or modify the PC § 632.7 Class

25   definition and/or to add subclasses or limitations to particular issues.

26        17.    By its unlawful actions, Defendant has violated Plaintiff's and the PC § 632.7

27   Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630

28   *et seq.*  The questions raised are, therefore, of common or general interest to the PC § 632.7

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**    4    CASE NO. _____

1  Class members, who have a well-defined community of interest in the questions of law and fact

2  raised in this action.

3      18.    Plaintiff's claims are typical of those of the PC § 632.7 Class, as Plaintiff now

4  suffers and has suffered from the same violation of the law as other putative PC § 632.7 Class

5  members.  Plaintiff has retained counsel with substantial experience in prosecuting complex

6  litigation and class actions to represent them and the PC § 632.7 Class, and Plaintiff will fairly

7  and adequately represent the interests of the PC § 632.7 Class.

8      19.    This action may properly be maintained as a class action under § 382 of the

9  California Code of Civil Procedure because there is a well-defined community of interest in the

10  litigation and the proposed PC § 632.7 Class is ascertainable.

11  **Numerosity**

12      20.    Based on information and belief, the Class consists of at least 75 individuals,

13  making joinder of individual cases impracticable.

14  **Typicality**

15      21.    Plaintiff's claims are typical of the claims of all of the other members of the PC §

16  632.7 Class.  Plaintiff's claims and the PC § 632.7 Class members' claims are based on the same

17  legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff

18  and to all of the other PC § 632.7 Class members.

19  **Common Questions of Law and Fact**

20      22.    There are questions of law and fact common to the PC § 632.7 Class that

21  predominate over any questions affecting only individual PC § 632.7 Class members.  Those

22  common questions of law and fact include, without limitation, the following:

23          a.    Whether Defendant had a policy or practice of recording and/or monitoring

24                inbound telephone calls made to NIU toll-free customer service telephone

25                numbers, including 888-684-9327;

26          b.    Whether Defendant had a policy or practice of not disclosing to inbound

27                callers to one or more NIU toll-free customer service telephone numbers

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  that their conversations with Defendant's employees or agents would be

2  recorded and/or monitored;

3  c.  Whether Defendant had a policy or practice of not obtaining consent to

4  record and/or monitor conversations between Defendant's employees or

5  agents, on the one hand, and inbound callers to one or more NIU toll-free

6  customer service telephone numbers, on the other hand;

7  d.  Whether Defendant violated California Penal Code § 632.7 by recording

8  and/or monitoring, surreptitiously and without disclosure at the call outset,

9  telephone conversations

10  i.  between inbound callers to one or more NIU toll-free customer

11  service telephone numbers using cellular and cordless telephones

12  within California and Defendant's employees and agents, and

13  ii.  between inbound callers to one or more NIU toll-free customer

14  service telephone numbers using landline telephones within

15  California and Defendant's employees and agents using cellular or

16  cordless phones; and

17  e.  Whether Class members are entitled to statutory damages of $5,000 under

18  Penal Code § 637.2 for each violation of Penal Code § 632.7.

19  **Adequacy**

20  23.  Plaintiff will fairly and adequately represent and protect the interests of the other

21  members of the PC § 632.7 Class.  Plaintiff has retained counsel with substantial experience in

22  prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to

23  prosecuting this action vigorously on behalf of the other PC § 632.7 Class members and have the

24  financial resources to do so.  Neither Plaintiff nor his counsel have any interests adverse to those

25  of the other PC § 632.7 Class members.

26  **Superiority**

27  24.  A class action is superior to other available methods for the fair and efficient

28  adjudication of this controversy because individual litigation of the claims of all PC § 632.7

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

6

CASE NO. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    Class members is impracticable and questions of law and fact common to the PC § 632.7 Class

2    predominate over any questions affecting only individual members of the PC § 632.7 Class.

3    Even if every individual PC § 632.7 Class member could afford individual litigation, the court

4    system could not. It would be unduly burdensome to the courts if individual litigation of the

5    numerous cases were to be required. Individualized litigation also would present the potential

6    for varying, inconsistent, or contradictory judgments and would magnify the delay and expense

7    to all parties and to the court system resulting from multiple trials of the same factual issues. By

8    contrast, the conduct of this action as a class action with respect to some or all of the issues will

9    present fewer management difficulties, conserve the resources of the court system and the parties

10    and protect the rights of each PC § 632.7 Class member. Further, it will prevent the very real

11    harm that would be suffered by numerous putative PC § 632.7 Class members who simply will

12    be unable to enforce individual claims of this size on their own, and by Defendant's competitors,

13    who will be placed at a competitive disadvantage as their punishment for obeying the law.

14    Plaintiff anticipates no difficulty in the management of this case as a class action.

15        25.    The prosecution of separate actions by individual PC § 632.7 Class members may

16    create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

17    of the interests of other PC § 632.7 Class members not parties to those adjudications or that

18    would substantially impair or impede the ability of those non-party PC § 632.7 Class members to

19    protect their interests.

20        26.    The prosecution of individual actions by PC § 632.7 Class members would run the

21    risk of establishing inconsistent standards of conduct for Defendants.

22        27.    Defendant has acted or refused to act in respects generally applicable to the PC §

23    632.7 Class, thereby making appropriate final and injunctive relief or corresponding declaratory

24    relief with regard to members of the PC § 632.7 Class as a whole as requested herein. Likewise,

25    Defendant's conduct as described above is unlawful, is capable of repetition, and will continue

26    unless restrained and enjoined by the Court.

27    ///

28

**FIRST CAUSE OF ACTION**
**Unlawful Recording and/or Monitoring of**
**Cellular and Cordless Telephone Communications**
**(Violation of California Penal Code § 632.7)**
**Against All Defendants**

28.    Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

29.    On and around February 26, 2018, and while physically located in Sacramento County, California, Plaintiff used his cellular telephone to call Defendant's 888-684-9327 toll-free customer service telephone number.

30.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant had a policy and practice of using hardware and/or software or other equipment that enabled it to surreptitiously record and/or monitor conversations with Plaintiff and other PC § 632.7 Class members (a) who made calls to the NIU toll-free customer service telephone numbers on their cellular or cordless telephones or (b) who made calls to Defendant's cellular or cordless telephones on their landline telephones.  Plaintiff, individually and through investigation by counsel, verified on more than one occasion in February and March 2018 that callers who called 888-864-9327 and were routed to Defendant's customer service representatives routinely were being recorded without having received any warning at the call outset that their calls were being recorded.  No warning disclosure was played while callers were on hold waiting to be transferred to a customer service representative, and no warning was given at the call outset after callers were transferred to a customer service representative.

31.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendant had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and PC § 632.7 Class members' telephone conversations with Defendant's employees and agents in which one or both parties to the call were using cellular or cordless telephones.  Plaintiff, individually and through investigation by counsel, verified on more than one occasion in February and March 2018, that callers who called 888-684-9327 and were routed to Defendant's customer service representatives routinely were being recorded without having received any warning at the call outset that their calls were being

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  recorded.  No warning disclosure was played while callers were on hold waiting to be transferred

2  to a customer service representative, and no warning was given at the call outset after callers were

3  transferred to a customer service representative.

4      32.    Because Defendant did not disclose to Plaintiff or PC § 632.7 Class members at

5  the call outset that their calls were being recorded and/or monitored, Defendant did not obtain,

6  and could not have obtained, Plaintiff's or PC § 632.7 Class members' express or implied

7  advance consent to the recording or monitoring of those conversations.  As a result, Plaintiff and

8  PC § 632.7 Class members had an objectively reasonable expectation that their calls were not

9  being recorded and/or monitored.  That expectation and its objective reasonableness arise, in part,

10  from the objective offensiveness of surreptitiously recording people's conversations, the absence

11  of even a simple pre-recorded message as short as four simple words – "calls may be recorded" –

12  and the ease with which such a message could have been put in place.  As the California Supreme

13  Court has stated, "in light of the circumstance that California consumers are accustomed to being

14  informed at the outset of a telephone call whenever a business entity intends to record the call, it

15  appears equally plausible that, in the absence of such an advisement, a California consumer

16  reasonably would anticipate that such a telephone call is not being recorded, particularly in view

17  of the strong privacy interest most persons have with regard to the personal financial information

18  frequently disclosed in such calls."  (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th

19  95.)

20      33.    Defendant's conduct as described above violated California Penal Code §

21  632.7(a).  Under Penal Code § 637.2, Plaintiff and PC § 632.7 Class members therefore are

22  entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual

23  damages, the amount deemed proper by the California Legislature.  Plaintiff and PC § 632.7

24  Class members also are entitled to injunctive relief to enjoin further violations.

25                          **PRAYER FOR RELIEF**

26      **WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the

27  following relief:

28

a.  An order certifying the PC § 632.7 Class and appointing Plaintiff Richard Wuest as representatives of the PC § 632.7 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632.7 Class;

b.  An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;

c.  A judgment for and award of statutory damages of $5,000 per violation to Plaintiff and the members of the PC § 632.7 Class under California Penal Code § 637.2;

d.  A permanent injunction under Penal Code § 637.2 enjoining Defendant from engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

e.  Payment of costs of the suit;

f.  Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g.  An award of pre- and post-judgment interest to the extent allowed by law; and

h.  For such other or further relief as the Court may deem proper.

Dated: April 23, 2017

Respectfully submitted,

KELLER GROVER LLP

By: _____
ERIC A. GROVER
ROBERT W. SPENCER
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 23, 2017

KELLER GROVER LLP

By: _____
ERIC A. GROVER
ROBERT W. SPENCER
Attorneys for Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eric A. Grover, Esq. (SBN 136080), Robert Spencer, Esq. (238491)
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
TELEPHONE NO.: 415-543-1305     FAX NO.: 415-543-7861
ATTORNEY FOR (Name): Plaintiff Richard Wuest

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, California 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

**FILED/ENDORSED**

APR 23 2018

By: _____ C. Freeman
Deputy Clerk

CASE NAME:
Wuest v. NIU of Florida, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | | 34-2018-00231671 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 1
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 23, 2018
Eric A. Grover, Esq.
_____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
#### 916-874-5522
##### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

---



Superior Court of California, County of Sacramento

Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint and/or cross-complaint, the plaintiff/cross-complainant must acquire this Information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

### UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases*, Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento

Case Management

**Arbitration**
*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

 CT Corporation

**Service of Process
Transmittal**
05/04/2018
CT Log Number 533280208

**TO:**    LAUREN SMITH
NATION SAFE DRIVERS
800 NW 51st St Ste 100
Boca Raton, FL 33431-4442

Rec'd  5.8.18

**RE:**    **Process Served in California**

**FOR:**    NIU OF FLORIDA, INC.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHARD WUEST, ETC., PLTF. vs. NIU OF FLORIDA, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Sacramento County - Superior Court - Sacramento, CA<br>Case # 34201800231671 |
| **NATURE OF ACTION:** | Complaint for damages and injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/04/2018 at 16:48 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Eric A. Grover<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br>415-543-1305 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780108007348<br><br>Image SOP<br><br>Email Notification,  LAUREN SMITH  LAUREN@NATIONSAFEDRIVERS.COM<br><br>Email Notification,  THOMAS J. NOLES  TNOLES@NATIONALADJUST.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | National Registered Agents, Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**EXHIBIT 2**

1  Natalie P. Vance, Bar No. 206708
   John T. Madden, Bar No. 260213
2  KLINEDINST PC
   801 K Street, Suite 2100
3  Sacramento, California 95814
   (916) 444-7573/FAX (916) 444-7544
4  nvance@klinedinstlaw.com
   jmadden@klinedinstlaw.com
5
   Attorneys for Defendant
6  NIU of Florida, Inc.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SACRAMENTO

10

11 RICHARD WUEST, individually and on       Case No.    34-2018-00231671
   behalf of a class of similarly situated
12 individuals,                             **ANSWER TO COMPLAINT**

13                Plaintiff,
                                            Complaint Filed:  April 23, 2018
14        v.                                Trial Date:       None set

15 NIU OF FLORIDA, INC.; and DOES 1
   through 50, inclusive,
16                                                        BY FAX
                  Defendants.
17

18

19        Defendant NIU OF FLORIDA, INC. ("Defendant"), by and through its attorneys of

20 record, Klinedinst PC, hereby generally and specifically denies and answers the unverified

21 Complaint filed by Plaintiff, Richard Wuest ("Plaintiff") and each cause of action and allegation

22 contained therein as follows:

23        Pursuant to Code of Civil Procedure section 431.30(d), this answering Defendant denies,

24 both generally and specifically, each and every allegation of the Complaint, in the conjunctive

25 and disjunctive, and each purported cause of action therein, and the whole thereof, and further

26 generally and specifically denies that Plaintiff has sustained any loss, injury, or damage or at all.

27 ///

28 ///

                                              1
           DEFENDANT NIU OF FLORIDA, INC.'S ANSWER TO COMPLAINT

1  Natalie P. Vance, Bar No. 206708
   John T. Madden, Bar No. 260213
2  KLINEDINST PC
   801 K Street, Suite 2100
3  Sacramento, California 95814
   (916) 444-7573/FAX (916) 444-7544
4  nvance@klinedinstlaw.com
   jmadden@klinedinstlaw.com
5
   Attorneys for Defendant
6  NIU of Florida, Inc.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SACRAMENTO

10

11  RICHARD WUEST, individually and on      Case No.    34-2018-00231671
    behalf of a class of similarly situated
12  individuals,                            **ANSWER TO COMPLAINT**

13              Plaintiff,
                                            Complaint Filed:  April 23, 2018
14      v.                                  Trial Date:       None set

15  NIU OF FLORIDA, INC.; and DOES 1
    through 50, inclusive,
16
                Defendants.
17

18

19      Defendant NIU OF FLORIDA, INC. ("Defendant"), by and through its attorneys of

20  record, Klinedinst PC, hereby generally and specifically denies and answers the unverified

21  Complaint filed by Plaintiff, Richard Wuest ("Plaintiff") and each cause of action and allegation

22  contained therein as follows:

23      Pursuant to Code of Civil Procedure section 431.30(d), this answering Defendant denies,

24  both generally and specifically, each and every allegation of the Complaint, in the conjunctive

25  and disjunctive, and each purported cause of action therein, and the whole thereof, and further

26  generally and specifically denies that Plaintiff has sustained any loss, injury, or damage or at all.

27  ///

28  ///

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1

DEFENDANT NIU OF FLORIDA, INC.'S ANSWER TO COMPLAINT

1     In addition to this general denial, this answering Defendant asserts the following

2    affirmative defenses to the Complaint, and to each and every cause of action contained therein:

3                                **FIRST AFFIRMATIVE DEFENSE**

4                                 **(Failure to State a Cause of Action)**

5     As a first and separate affirmative defense, the Complaint fails to state a claim upon

6    which relief can be granted.

7                                **SECOND AFFIRMATIVE DEFENSE**

8                                          **(Consent)**

9     As a second and separate affirmative defense, Plaintiff and the putative class members

10   provided express or implied consent to any recordings.

11                              **THIRD AFFIRMATIVE DEFENSE**

12                                  **(No Expectation of Privacy)**

13    As a third and separate affirmative defense, Plaintiff and the putative class members had

14   no expectations of privacy and any of their communications were not confidential.

15                              **FOURTH AFFIRMATIVE DEFENSE**

16                                 **(Foreseeability of Recordation)**

17    As a fourth and separate affirmative defense, Plaintiff and the putative class members

18   should have reasonably anticipated that calls might be recorded or overheard.

19                               **FIFTH AFFIRMATIVE DEFENSE**

20                                 **(Cause of Action Inapplicable)**

21    As a fifth and separate affirmative defense, Defendant contends that this action is barred,

22   in whole or in part, because California Penal Code Section 632.7 applies only to third parties

23   who intercept or receive and intentionally record a call to or from a cellular radio or cordless

24   telephone.

25                               **SIXTH AFFIRMATIVE DEFENSE**

26                                         **(Ambiguity)**

27    As a sixth and separate affirmative defense, California Penal Code Section 632.7 is

28   ambiguous and unclear, and does not impart any notice to Defendant or others similarly situated

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

2

1    that their alleged conduct would constitute violations of the statute. Therefore, the applicable

2    statute is void because it is unconstitutionally vague.

### SEVENTH AFFIRMATIVE DEFENSE

#### (No Actual Injury)

As a seventh and separate affirmative defense, Plaintiff and the purported class members
have not sustained any injury or damage as a result of any actions allegedly taken by Defendant,
and are thus barred from asserting any cause of action against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Fees and Costs)

As an eighth and separate affirmative defense, Plaintiff and the purported class members
are not entitled to recover fees and costs as claimed in the Complaint and, more specifically, the
Prayer for Relief.

### NINTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a ninth and separate affirmative defense, Defendant alleges that the Complaint, and
each and every cause of action or purported cause of action contained therein, is barred by all
applicable statutes of limitation, including but not limited to, California Code of Civil Procedure
sections 340(a) and 343.

### TENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

As a tenth and separate affirmative defense, the doctrine of unclean hands precludes
Plaintiff and the purported class members' recovery in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Contrary to Public Policy)

As an eleventh and separate affirmative defense, application of the California Invasion of
Privacy Act to Defendant is contrary to public policy.

///

///

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

3

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

## TWELFTH AFFIRMATIVE DEFENSE

### (Violation of Commerce Clause)

As a twelfth and separate affirmative defense, California Penal Code Section 632.7 as applied to Defendant violates the dormant Commerce Clause of the United States Constitution because, among other reasons, it has the practical effect of regulating commerce wholly outside the state of California, and it imposes a clearly excessive burden on interstate commerce in relation to any putative local benefits.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Class Conflict)

As a thirteenth and separate affirmative defense, Plaintiff may not maintain this lawsuit as a class action because the interests on the purported class members are in conflict with each other.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

As a fourteenth and separate affirmative defense, statutory damages under California Penal Code Section 637.2 should not be awarded or should otherwise be limited because: (i) such an award would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, and by the common law; and (ii) the imposition of such an award would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

As a fifteenth and separate affirmative defense, California Penal Code Section 632.7, as applied to Defendant in this action, is expressly or impliedly preempted by federal law.

///

///

///

4

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Class Deficiencies)

3    As a sixteenth and separate affirmative defense, Plaintiff may not maintain this lawsuit as

4    a class action because there are not sufficient questions of fact or law common to all putative

5    class members; the purported claims of the putative class representative are not sufficiently

6    typical of those of the purported class members; common issues of fact and law do not

7    predominate over individual issues and liability and damages cannot be proven on a class-wide

8    basis; the putative plaintiff class representative will not adequately represent the purported

9    plaintiff class; the putative class is insufficiently numerous; the putative class is not

10    ascertainable; the putative class is not cohesive; the proposed class action would not be

11    manageable; a class action is not a superior method for adjudicating the purported claims set

12    forth in the Complaint; and final injunctive relief is not appropriate respecting the putative class

13    as a whole.

14

## SEVENTEENTH AFFIRMATIVE DEFENSE

15

### (Estoppel)

16    As a seventeenth and separate affirmative defense, Plaintiff and the putative class are

17    estopped by their own acts and omissions from obtaining any relief against Defendant.

18

## EIGHTEENTH AFFIRMATIVE DEFENSE

19

### (Laches)

20    As an eighteenth and separate affirmative defense, Defendant alleges that the causes of

21    action contained in the Complaint, and each of them are barred by the doctrine of laches in that

22    Plaintiff and the putative class have unreasonably delayed in bringing these claims, and said

23    delays have prejudiced Defendant.

24

## NINETEENTH AFFIRMATIVE DEFENSE

25

### (Standing)

26    As a nineteenth and separate affirmative defense, this action is barred, in whole or in part,

27    because Plaintiff and the putative class members lack standing under the California Invasion of

28    Privacy Act.

5

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Acts of Other Parties)

As a twentieth and separate affirmative defense, as to each cause of action in the Complaint, while denying any and all of Plaintiff and the putative class members' claims, if Plaintiff or the putative class members sustained any of the injuries, losses, and damages set forth in the Complaint, Defendant states that no act or omission of Defendant was a substantial factor in bringing about Plaintiff's and the putative class members' alleged injuries, losses, and damages; and that the direct and proximate result of the acts and/or omissions of persons or entities other than Defendant were an intervening and/or superseding cause leading to the alleged injuries, losses, and damage  and any recovery obtained by Plaintiff or the putative class members should be barred or reduced according to law, up to an including the whole thereof.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Waiver)

As a twenty-first and separate affirmative defense, Defendant alleges that Plaintiff and the putative class members, by their own acts and/or omissions, have waived their rights, if any, to recover against Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As a twenty-second and separate affirmative defense, Defendant alleges that Plaintiff and the putative class members have failed to mitigate their damages, if any, in connection with the matters referred to in the Complaint and such failure to mitigate bars and/or diminishes Plaintiff and the putative class members' recovery, if any, against Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Defendant Exercised Reasonable Care)

As a twenty-third and separate affirmative defense, Defendant alleges that, at all times relevant herein, Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations which are the subject of the Complaint.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

DEFENDANT NIU OF FLORIDA, INC.'S ANSWER TO COMPLAINT

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (No Causation)

3      As a twenty-fourth and separate affirmative defense, Defendant alleges that Plaintiff and

4   the putative class members have not suffered any damage or injury that was actually or

5   proximately caused by any act or omission of Defendant.

6

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

### (Good Faith)

8      As a twenty-fifth and separate affirmative defense Defendant alleges that, at all times

9   referenced in Plaintiff's Complaint, Defendant acted in good faith and did not directly or

10   indirectly contribute to any act or acts contributing to the alleged damages suffered by Plaintiff

11   and the putative class members.

12

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

13

### (Barred by Arbitration Clause)

14      As a twenty-sixth and separate affirmative defense Defendant alleges and hereby gives

15   notice that Defendant reserves its right to elect and pursue any form of arbitration or alternative

16   dispute resolution allowed under the GAP Addendum and any other relevant agreements

17   between or involving the Parties.  The filing of this Answer is not intended as a waiver of any

18   such rights, is done to protect against any possible default, and all such rights are reserved.

19

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

20

### (Indemnity & Contribution)

21      As a twenty-seventh and separate affirmative defense, Defendant alleges that it is entitled

22   to indemnity and contribution from third parties for any damages allegedly suffered by Plaintiff

23   and/or the purported class of plaintiffs herein.

24

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25

### (Additional Defenses)

26      Defendant is informed and believes and thereon alleges that it has or may have defenses

27   to Plaintiff's claims not presently known to it, and which inure to its benefit, and Defendant

28   prays for leave to amend this Answer to assert such defenses when the same shall have been

7

**DEFENDANT NIU OF FLORIDA, INC.'S ANSWER TO COMPLAINT**

1  ascertained.  Defendant has insufficient knowledge or information upon which to form a belief as

2  to whether it may have additional as yet unstated affirmative defenses available to it.  Defendant

3  therefore reserves the right to assert additional defenses in the event discovery indicates that they

4  are available.

5         WHEREFORE, Defendant respectfully prays for judgment as follows:

6     1.    That Plaintiff and the members of the putative class take nothing by the

7            Complaint;

8     2.    That judgment be entered in favor of Defendant against Plaintiff, and that

9            Plaintiff's action be dismissed in its entirety;

10    3.    That this Court finds that this suit cannot be maintained as a class action;

11    4.    That the request for declaratory and injunctive relief be denied;

12    5.    That Defendant recover costs of suit, and;

13    6.    That the Court grant such other and further relief as it may deem just and

14           equitable.

15                                    KLINEDINST PC

16

17  DATED: May 30, 2018              By:

18                                       Natalie P. Vance
                                         John T. Madden
19                                       Attorneys for Defendant
                                         NIU of Florida, Inc.
20
    17277984v1
21

22

23

24

25

26

27

28

**DEFENDANT NIU OF FLORIDA, INC.'S ANSWER TO COMPLAINT**

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1  | Natalie P. Vance, Bar No. 206708
2  | John T. Madden, Bar No. 260213
   | KLINEDINST PC
3  | 801 K Street, Suite 2100
   | Sacramento, California 95814
4  | (916) 444-7573/FAX (916) 444-7544
   | nvance@klinedinstlaw.com
5  | jmadden@klinedinstlaw.com

6  | Attorneys for Defendant
7  | NIU of Florida, Inc.

8  |                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  |                    **FOR THE COUNTY OF SACRAMENTO**

10 |

11 | RICHARD WUEST, individually and on          Case No.    34-2018-00231671
   | behalf of a class of similarly situated
12 | individuals,                               **PROOF OF SERVICE**

13 |                                            Complaint Filed:  April 23, 2018
   |              Plaintiff,                    Trial Date:       None set
14 |

15 |          v.

16 | NIU of Florida, Inc.; and DOES 1 through                          BY FAX
   | 50, inclusive,
17 |
   |              Defendants.
18 |

19 |      I declare that:

20 |      I am and was at the time of service of the papers herein, over the age of eighteen (18)
21 | years and am not a party to the action. I am employed in the County of Sacramento, and my
   | business address is 801 K Street, Suite 2100, Sacramento, California.
22 |
   |      On May 30, 2018, I caused to be served the following documents:
23 |
   |              **ANSWER TO COMPLAINT**
24 |
   | ☐    **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax
25 |      number (916) 444-7544 to the fax numbers listed below and/or on the attached service list.
   |      The facsimile machine I used complied with Rule 2.306 and no error was reported by the
26 |      machine.
27 |
   | ☐    **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I
28 |      caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below. I

Sidebar (left margin): KLINEDINST PC / 801 K STREET, SUITE 2100 / SACRAMENTO, CALIFORNIA 95814

---
1

**PROOF OF SERVICE**

1   Natalie P. Vance, Bar No. 206708
    John T. Madden, Bar No. 260213
2   KLINEDINST PC
    801 K Street, Suite 2100
3   Sacramento, California 95814
    (916) 444-7573/FAX (916) 444-7544
4   nvance@klinedinstlaw.com
    jmadden@klinedinstlaw.com
5

6   Attorneys for Defendant
    NIU of Florida, Inc.
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SACRAMENTO

10

11  RICHARD WUEST, individually and on        Case No.    34-2018-00231671
    behalf of a class of similarly situated
12  individuals,                              **PROOF OF SERVICE**

13                                            Complaint Filed:  April 23, 2018
                  Plaintiff,                  Trial Date:       None set
14

15          v.

16  NIU of Florida, Inc.; and DOES 1 through
    50, inclusive,
17

18                Defendants.

19

20      I declare that:

21          I am and was at the time of service of the papers herein, over the age of eighteen (18)
    years and am not a party to the action. I am employed in the County of Sacramento, and my
    business address is 801 K Street, Suite 2100, Sacramento, California.
22

23          On May 30, 2018, I caused to be served the following documents:

24                        **ANSWER TO COMPLAINT**

25  ☐   **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax
        number (916) 444-7544 to the fax numbers listed below and/or on the attached service list.
26      The facsimile machine I used complied with Rule 2.306 and no error was reported by the
        machine.

27  ☐   **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I
28      caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below. I

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is rbabaei@klineinstlaw.com. A copy of the sent email will be maintained with the original document(s) in our office. (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251)

☐ **VIA ELECTRONIC FILING SERVICE:** Complying with Code of Civil Procedure section 1010.6, my electronic business address is rbabaei@klineinstlaw.com and I caused such document(s) to be electronically served through the _____ system for the above-entitled case to those parties on the Service List maintained on its website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

☐ **VIA SHAREFILE:** Complying with Code of Civil Procedure section 1010.6 (a) (1) (c), I caused an electronic notice to be sent to the person(s) at the email address(es) listed below. This notice contained a secure link that permits the person(s) individual access to download the above listed documents. Notification is provided via counsel's secure ShareFile system's administrative email account, mail@sf-notifications.com. A copy of the sent email will be maintained with the documents in our office. (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251) I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. This link will expire after 60 days and access will no longer be permitted to the documents. Pursuant to Code of Civil Procedure section 1010.6 (a) (2), the party(ies) have agreed to receive electronic service via this method.

☒ **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

☐ **VIA FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

☒ **VIA EXPRESS MAIL OR OTHER OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))**

☐ **VIA CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

| | |
|---|---|
| Eric A. Grover<br>Robert W. Spencer<br>KELLER GROVER, LLP<br>1965 Market Street,<br>San Francisco, CA 94103 | T: 415-543-1305<br>F: 415-543-7861<br><br>Attorney for Plaintiff Richard Wuest |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 30, 2018, at Sacramento, California.

_____
Roxana Babaei

17277983v1

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

3

**PROOF OF SERVICE**